Díaz, Petitioner, *v.* Foote, District Judge, Respondent.

Petition for a Writ of Certiorari to the District Judge of Mayagüez in a Foreclosure Proceeding.

No. 259.—Decided February 28, 1920.

Mortgage — Foreclosure — Partial Payment — Unmatured Instalments.—A having created a mortgage in favor of B on two properties for the sum of $1,700 payable in four instalments in 1915, 1916, 1917 and 1918, the mortgagee foreclosed for a balance of the first instalment and the whole of the second instalment, with interest and expenses, amounting in all to $793.50. The properties having been sold to the highest bidder, C, for $875, the marshal paid over the $793.50 claimed by B, retaining the balance of $81.50 subject to an attachment levied by another person against A. On the motion of C the court ordered the cancelation of the instalments to become due in December of 1917 and 1918 because of the extinction of the mortgage. The said order was set aside on appeal for the reason that as the total purchase price had not been delivered to the mortgagee so that all of the instalments might be thus paid in proportion, inasmuch as payment *pro rata* is superfluous when the same creditor is the owner of the later instalments, the debt was not totally extinguished.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the petitioner.

The respondent did not appear.

Mr. Chief Justice Hernández delivered the opinion of the court.

We have before us for review the original record of the proceeding prosecuted in the District Court of Mayagüez by Benigno Díaz against Juan Pagán Díaz for the foreclosure of a mortgage. The record was sent up to this court in response to a writ of certiorari obtained by Benigno Díaz

against the judge of said court for setting aside an order of the court of September 9, 1919, for the cancelation of a mortgage created on two rural properties in so far as it secured the last two instalments of the said mortgage.

From the said record and the allegations of the petitioner it appears that by a public deed of August 11, 1915, recorded in the registry, Juan Pagán Díaz mortgaged two rural properties in favor of Benigno Díaz to secure a loan of $1,700, payable in instalments of $400 in December of the years 1915, 1916 and 1917, and the remaining $500 in the same month of the year 1918; that the mortgagor failed to pay $150 of the first instalment of the said obligation and the second instalment of $400; that the mortgagee brought foreclosure proceedings to recover the said sums, amounting to $550, together with $43.50 as interest thereon and $200 for expenses and costs, or a total of $793.50; that the mortgaged properties were sold at public auction to the highest bidder, Emiliano Pol, for the sum of $875, of which the marshal delivered $793.50 to the foreclosing mortgagee in payment of the sum claimed and retained the balance of $81.50 which became subject to an attachment ordered by the Municipal Court of Mayagüez in an action of debt prosecuted in that court by Emiliano Pol against Juan Pagán Díaz; that a deed of sale of the properties was executed in favor of Emiliano Pol on October 10, 1917; that on September 3, 1919, Emiliano Pol filed a motion in the same proceeding asking that, in compliance with article 125 of the Mortgage Law, as amended by Act No. 31 of March 7, 1912, it be ordered that the mortgage instalments which became due in December of the years 1917 and 1918 be canceled in the Registry of Property of Mayagüez by reason of the extinction of the mortgage which encumbered the properties; that Benigno Díaz opposed this motion and the court, by an order of the 9th of September, sustained the motion, citing the same statutes relied on by counsel for Emiliano Pol and holding that for ordering the cancelation of the said instalments it was not necessary to

prorate anew the proceeds of the sale, inasmuch as those instalments did not belong to different persons among whom the distribution or prorating should be made, but that the foreclosing mortgagee himself is the owner thereof and is entitled to the entire proceeds of the sale, which he need not divide with any other person.

This is the order sought to be set aside in the present certiorari proceeding.

Article 125 of the Mortgage Law, as amended by Act No. 31 of March 7, 1912, after establishing the proceedings to be followed in cases in which properties encumbered by mortgage debts of various mortgagees are sold for the payment of the first mortgagee and the proceeds of the sales do not equal or exceed the liquidated mortgage debt, provides, in its last paragraph, as follows:

"Except in cases of agreement to the contrary, whenever the payment of a debt guaranteed by mortgage should be on instalments although negotiable documents or securities to bearer may have been executed, and when one or more mortgages on the same property are constituted in one deed, it shall be understood that none of said instalments or mortgages has preference over the others, but all of them shall have the same juridical conditions, for the purposes of this law. Should the encumbered property be judicially sold, the price obtained therefor at the auction sale not covering the total of all the instalments or mortgages, said price shall be distributed *pro rata* among the different instalments or creditors, in proportion with the interest of each, and should any of the instalments or mortgages not have expired, and should the buyer of the property not desire to deposit the corresponding part of the price, buying the property encumbered, then the reduction in the amount of unexpired credits shall, in virtue of a judicial decree, be registered in the registry of property, in accordance with the prior provisions hereof."

The statute transcribed has not been complied with in this case, inasmuch as it does not appear that the sum for which Pol acquired the mortgaged properties was prorated among the several instalments of the mortgage in propor-

tion to the amount of each, nor that the part corresponding to the unmatured instalments was deposited at the disposal of the owner thereof, Benigno Díaz. On the contrary, the sum of $81.50 which remained after the sum claimed had been paid to the foreclosing mortgagee was not received by Díaz, but was retained by reason of an attachment ordered in an action of debt prosecuted by Emiliano Pol, not against Benigno Díaz, the mortgagee, but against Juan Pagán Díaz, the mortgagor.

As the entire proceeds of the sale were not delivered to the foreclosing mortgagee, who was the owner of all the instalments, in order that the proportional part corresponding to all the instalments be thus paid, the debt was not totally extinguished and the cancelation ordered was not proper.

We are of the opinion that it is not sufficient for the cancelation that the purchaser should pay the whole price, but that it is necessary that the matured instalments be paid *pro rata,* depositing the part of the proceeds corresponding to the unmatured instalments, if any, for the payment, and not the mere delivery to the marshal or the clerk, is what authorizes the cancelation. Of course, if the entire proceeds of the sale had been paid over to Díaz, the foreclosing mortgagee, it would have been unnecessary to prorate the proceeds among the other instalments, for Díaz himself was the owner of them and no prorating need have been done with him alone, the delivery being understood to be in payment of such proportion of each of the instalments as resulted from the prorating.

It seems that Pol did not act under the theory that the entire proceeds of the sale belonged to Benigno Díaz for the payment of all the instalments of his credit, but that he thought that the balance left after paying the matured instalments belonged to the owner of the property, Juan Pagán Díaz, as is shown by the attachment levied at Pol's instance; and also that Díaz has acted under the erroneous idea that

the mortgage must continue to secure the whole amount of the unmatured instalments; but whatever may have been the views of the parties, the fact is that the total debt was not paid in the manner prescribed by law and that consequently the court of Mayagüez erred in ordering the cancelation of the mortgage.

And that error may be reviewed in a certiorari proceeding, for it consists in nothing but a violation of or noncompliance with the rule of procedure established by Act No. 31 of March 7, 1912, the historical precedent of which law may be found in the Old Spanish Law of Civil Procedure. *American Trading Company* v. *Monserrat,* 19 P. R. R. 929. In that case we held that article 131 of the Mortgage Law does not apply when the proceeds of the sale are not sufficient to cover all the instalments and the interest thereon.

For the foregoing reasons the order of the District Court of Mayagüez of September 9, 1919, must be set aside and the original record returned to said court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Justices del Toro and Aldrey concurred.

Mr. Justice Wolf dissented. *

Mr. Justice Hutchison took no part in the decision of this case.